## Lyman Rawson *vs.* David F. Brown.

Since the additional militia act of 1837, c. 276, the copy of the record of a court martial, certified by the president, and a duly authenticated copy of the order convening the court, are conclusive and sufficient evidence to sustain an action of debt, brought for the recovery of a fine imposed by the sentence of a court martial.

There is no provision of the constitution, which forbids the legislature to confer on courts martial the power to punish by fine.

Exceptions from the Western District Court, Whitman J. presiding.

The action was debt brought by the plaintiff, as Division Advocate, to recover a fine of thirty dollars imposed upon *Brown*, as lieutenant and commanding officer of a company of militia, by the

judgment of a court martial. The plaintiff offered in evidence an authenticated copy of the order convening the court martial, and a copy of the judgment of the court certified by the president, finding *Brown* guilty of the offence charged, and sentencing him to pay the fine, and there rested.

The defendant then offered to go into evidence behind the record of the court martial, to show that the doings and judgment were erroneous in point of fact and law. The Judge ruled that the judgment was conclusive, and rejected the evidence. The defendant further objected, that the provisions of the several statutes, on which the doings of the court martial and the proceedings in this case are founded, are unconstitutional and void, as depriving a citizen of the right of trial by jury. The judge overruled this objection ; and when the verdict for the plaintiff was returned, the defendant filed exceptions.

*Codman,* for the defendant, contended, courts martial must act within the authority given them by law, or their proceedings will be void. Such courts can take no power by implication. *Vose v. Howard,* 13 *Maine Rep.* 268. If we cannot go behind the record, the party is without remedy, as no process to reverse the proceedings will lie. But if the court goes beyond its jurisdiction, the proceedings are void. *Brooks v. Adams,* 11 *Pick.* 441.

If the position we have taken be not true, then the provisions of the militia acts authorizing courts martial to punish by fine, are unconstitutional and void, because they deprive the citizen of his right to a trial by jury. *Charles River Bridge v. Warren Bridge,* 7 *Pick.* 367 ; *Mountfort v. Hall,* 1 *Mass. R.* 458, *note.*

*Rawson, pro se.*

The additional militia act, *st.* 1837, *c.* 276, § 10, provides, that a copy of the record of any court martial certified by the president of the court, with a duly authenticated copy of the order convening the court shall be conclusive and sufficient evidence to sustain any action for the recovery of any fine. Such was the evidence in this case.

The section of the constitution which provides for trials by jury, does not embrace this class of cases. It excepts " cases where it has heretofore been otherwise practised." For many years before the adoption of our constitution no appeal from a justice had been

permitted in militia fine cases, and of course there could be no trial by jury. *Dunbar, ex parte,* 14 *Mass. R.* 393.

The opinion of the Court was by

WESTON C. J. — The order convening the court, an authenticated copy of which is in evidence in the case, proves its legal existence and jurisdiction. The copy of the record of the court, certified by the president, details the preliminary proceedings, as well as the doings of the court. From this it appears, that the defendant was charged with a military offence, and that the requirements of the law, regulating the militia, had been pursued. By the statute of 1837, *c.* 276, § 10, these copies are made conclusive and sufficient evidence, to sustain an action of debt, brought for the recovery of a fine imposed by the sentence of a court martial. It is competent for the legislative power, to regulate the law of evidence. It may give to the records of courts martial, in a matter within their jurisdiction, the verity and conclusive efficacy, which belongs to the records of courts of common law. It was competent also for the same power, to give to the judgments of courts martial a definitive and final character.

It is insisted, however, that the law, upon which this action is founded, transcends the consitution of this State, *art.* 1, § 20, as it renders, the defendant liable to the payment of money, without the benefit of a trial by jury. That section secures that right, in all civil suits, and in all controversies concerning property, except in cases where it has heretofore been otherwise practised. The prosecution before the court martial was not a civil suit, nor was it in any proper sense a controversy concerning property. Besides, courts martial are never attended by a jury, and they had properly cognizance of military offences, before the formation of the constitution. We are aware of no constitutional provision, which forbids the legislature to confer on such courts the power to punish by fine. The sixth section of the first article, which secures to the accused, in criminal prosecutions, the right of trial by jury, expressly excepts trials by martial law. This was a trial by martial law, being before a court martial, and for a military offence.

*Exceptions overruled.*